IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW J WARD : | |
|     *Plaintiff*, : | |
| : | |
| v. : | CIVIL ACTION |
| : | NO. 23-3666 |
| PROGRESSIVE PREFERRED : | |
| INSURANCE COMPANY, : | |
|     *Defendant.* : | |

## MEMORANDUM

**Scott, J.**                                                                                                                   **January 19, 2024**

Moving to remand this underinsured motorist benefits action that the defendant, Progressive Preferred Insurance Company ("Progressive"), removed from the state court on the basis of diversity jurisdiction, the plaintiff, Matthew J. Ward, argues that the removal is untimely under 28 U.S.C. § 1446(b)(3) because Progressive filed its removal notice more than thirty days after receiving a demand letter showing that the amount in controversy exceeded the $75,000 jurisdictional threshold, and because the case was removed more than one year after the commencement of the action, in violation of 28 U.S.C. § 1446(c)(1).

As explained in further detail below, the removal notice was timely filed under § 1446(b) because Progressive removed the action within thirty days of service of the complaint, which was the "initial pleading." Additionally, neither § 1446(b)(3) nor the one-year limitations period under § 1446(c)(1) apply to this case. Therefore, the motion to remand will be denied.

## BACKGROUND

According to the complaint, on July 8, 2017, Mr. Ward was operating a motorcycle in Flourtown, Pennsylvania, when an unidentified motor vehicle struck his motorcycle, causing him to fall off of his vehicle. *See* Complaint (ECF No. 1-27) ¶ 4. He alleges that he sustained serious

injuries, including a skull fracture and traumatic brain injury. *Id.* ¶ 5. Under an insurance policy issued by Progressive covering Mr. Ward and his motorcycle that provided $100,000.00 per person in uninsured motorist coverage, Mr. Ward submitted a claim to Progressive demanding the $100,000 in uninsured motorist benefits. *Id.* ¶¶ 11–13, 19.

When Progressive did not agree to pay the full $100,000 policy limits, on July 7, 2021, Mr. Ward initiated this action against Progressive by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Montgomery County, Pennsylvania. Progressive was served with the Writ of Summons on July 9, 2021. *See* ECF No. 1-4. On August 26, 2021, Progressive filed a Praecipe to Enter Rule upon plaintiff to file a complaint. *See* ECF No. 1-8. From March through July 2022, Progressive served document subpoenas to third parties seeking plaintiff's medical records, tax returns, and bank records. *See* Not. of Removal (ECF No. 1) ¶¶ 10–11, 16–17. In June 2022, Progressive filed a motion to enforce the subpoenas, and on July 25, 2022, plaintiff filed a response to the motion to enforce. *Id.* ¶¶ 12, 15. One exhibit attached to Mr. Ward's response was a letter that his counsel wrote to Progressive on June 9, 2022 (hereinafter, "demand letter"), which provided a detailed history of his medical records and damages from the accident, as well as a reiteration of his demand for the policy limits of $100,000 to resolve the matter. *See* ECF No. 1-17 at 17–19. On July 31, 2023, the state court issued a Civil Case Management Order setting discovery, expert and motions deadlines. Not. of Removal ¶ 24. Less than one month later, on August 22, 2023, Mr. Ward filed his complaint. *Id.* ¶ 25. Progressive removed the action from the state court on September 21, 2023.

The plaintiff asserts two claims in the complaint. In Count I, he contends that Progressive breached its insurance contract with Mr. Ward by failing to offer payment of the reasonable and fair value of the plaintiff's uninsured motorist claim. In Count II, Mr. Ward alleges that

Progressive violated Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371, arising out of the handling of his uninsured motorist claim. For this count, he seeks compensatory and punitive damages, attorneys' fees, and interest.

In its notice of removal, Progressive asserts that there is diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000.00. Specifically, it avers that Progressive is a citizen of Ohio, and that Mr. Ward is a Pennsylvania citizen. Not. of Removal ¶¶ 31, 34–35. For the amount in controversy, Progressive points to the allegations in the complaint that the plaintiff is seeking $100,000 in uninsured motorist benefits, as well as punitive damages, interest, and attorney's fees as part of his bad faith claim. *Id.* ¶¶ 36–42.

Mr. Ward moves to remand the action on the grounds that the removal notice was untimely filed. He contends that Progressive, having been previously served with a Writ of Summons, was required by 28 U.S.C. § 1446(b)(3) to remove the action within thirty days of receipt of the demand letter that put it on notice that the amount in controversy exceeded the jurisdictional minimum to establish diversity jurisdiction. He also contends that the removal was untimely under 28 U.S.C. § 1446(c)(1) because it was filed more than one year after the commencement of the action in state court.

## DISCUSSION

### *Standard of Review*

A defendant removing a case from state court under § 1332 bears the burden of demonstrating federal jurisdiction. *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) (citing *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). Additionally, removal statutes are strictly construed against removal, and all doubts are

resolved in favor of remand. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

To establish diversity jurisdiction, the opposing parties must be citizens of different states and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. There is no dispute that the parties are diverse: Mr. Ward is a citizen of Pennsylvania, and Progressive is a citizen of Ohio. There is also no dispute that the amount in controversy exceeds the $75,000.00 jurisdictional threshold, as the demand for the $100,000 in uninsured motorist benefits in the contract claim, and the request for punitive damages, interest, and attorney's fees as part of the bad faith claim, easily exceeds the jurisdictional requirement. The issue is whether Progressive timely removed the action from state court.

*The Thirty-Day Removal Clock in § 1446(b)(1)*

A removal notice

> shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based.

28 U.S.C. § 1446(b)(1) (emphasis added).

The "initial pleading" described in § 1446(b)(1) triggering the thirty-day removal period is a complaint, not a summons. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 222–23 (3d Cir. 2005). In Pennsylvania, where a complaint is received after service of the summons, the time to remove is triggered by "receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons. . . ." *Id.* at 222 (quoting *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999)). Consequently, an action cannot be removed until a complaint has been filed. *See Geromichalos v. Cacade Eng'g, Inc.*, No. Civ. A. No. 20-3164, 2020 WL 4060300, at

4

\*2 (E.D. Pa. July 20, 2020); *Campbell v. Oxford Elecs., Inc.*, Civ. A. No. 07-0541, 2007 WL 2011484 (E.D. Pa. July 5, 2007) (finding removal was premature until a complaint had been filed because the "initial pleading" described in § 1446(b) is a complaint, not a summons, praecipe for writ of summons, or some other document such as a Civil Cover Sheet).

Nor does the combination of service of the writ of summons with the receipt of a demand letter constitute an "initial pleading" under § 1446(b)(1) that triggers the thirty-day removal period. *See Signature Bldg. Sys. of Pennsylvania, LLC v. Motorist Mut. Ins. Co.*, No. 3:20-CV-2348, 2021 WL 1946758, at \*5 (M.D. Pa. May 14, 2021) (service of the writ of summons, "even with" a demand letter "showing that the case may eventually be removable, did not start the clock for purposes of removal."); *Pierchalski v. Sanders*, No. 2:18-CV-01540-CRE, 2019 WL 1904297, at \*2 (W.D. Pa. Apr. 12, 2019) (rejecting defendants' argument that plaintiffs' pre-complaint demand letter setting forth the factual allegations of their claims and an itemization of damages exceeding the $75,000 threshold triggered the thirty-day removal period because there is no legal authority post-*Sikirica* that a writ of summons in conjunction with a demand letter is an "initial pleading" under Section 1446(b)).

Applied here, Mr. Ward's complaint was the "initial pleading" under § 1446(b)(1). When Progressive was served with the complaint on August 22, 2023 (the date that it was filed), that triggered § 1446(b)(1)'s thirty-day removal period. Progressive's removal notice was timely filed because it removed the action on September 21, 2023, which was within thirty days of service of the complaint. Neither the filing of the Praecipe for Writ of Summons on July 7, 2021, nor Progressive's receipt of Mr. Ward's demand letter on July 25, 2022 triggered § 1446(b)(1)'s thirty-day removal period because neither is an "initial pleading" under the statute. *See Sikirica*, 416 F.3d at 222.

Mr. Ward argues that the applicable removal provision is 28 U.S.C. § 1446(b)(3), not § 1446(b)(1). Section 1446(b)(3) provides as follows:

> [I]f the case stated by the *initial pleading* is not removable, a notice of removal may be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added).

Applying § 1446(b)(3), Mr. Ward contends that the "initial pleading" is the Writ of Summons, and the case was not removable on the face of the summons. He further contends that receipt of the demand letter put Progressive on notice that the amount in controversy exceeded the jurisdictional minimum, making the letter an "other paper" from which Progressive could first ascertain that the case was removable. He thus argues that the thirty-day removal clock was triggered when Progressive received the demand letter.

The court disagrees with Mr. Ward's position that § 1446(b)(3) is applicable to this case. Under its plain language, § 1446(b)(3) applies only if the "initial pleading" does not set forth the grounds for removal. *See Sikirica*, 416 F.3d at 220–21. The "initial pleading" referred to in both § 1446(b)(1) and (b)(3) is the complaint, not the summons. *See Sikirica*, 416 F.3d at 222–23. As explained above, the grounds for removal are ascertainable from the face of the complaint. It establishes that the parties are diverse because it avers that the plaintiff is a citizen of Pennsylvania, and Progressive is an Ohio citizen. The damages sought as part of his breach of contract and bad faith claims clearly establish an amount in controversy exceeding the $75,000 jurisdictional limit. Thus, because "the case stated by the initial pleading" --which is the complaint -- is removable, § 1446(b)(3) does not apply.

*The One-Year Limitations Period in § 1446(c)(1)*

Mr. Ward also argues that Progressive's removal notice is untimely filed because the case was removed more than one year after the commencement of the action, in violation of 28 U.S.C. § 1446(c)(1). However, like § 1446(b)(3), § 1446(c)(1) does not apply to this case.

Section 1446(c)(1) provides that "[a] case may not be removed under subsection (b)(3) . . . more than 1 year after commencement of the action." Thus, under its plain language, § 1446(c)(1) applies only to actions removed pursuant to § 1446(b)(3). This action was removed pursuant to § 1446(b)(1), not § 1446(b)(3). As explained above, § 1446(b)(3) does not apply because the initial pleading -- the complaint -- was removable on its face, and § 1446(b)(3) only applies if the "initial pleading" does not set forth the grounds for removal. Therefore, § 1446(c)(1) does not apply, either, and Progressive was not foreclosed by § 1446(c)(1)'s one-year limitations period from removing this action in September of 2023.

## CONCLUSION

Progressive timely removed this action to this court on the basis of diversity jurisdiction. The removal notice was timely filed under § 1446(b)(1) because Progressive removed the action within thirty days of service of the complaint, which was the "initial pleading." Additionally, because neither § 1446(b)(3) nor § 1446(c)(1) applies to this case, § 1446(c)(1)'s one-year removal deadline does not foreclose Progressive's ability to remove the action more than one year after it was commenced. Therefore, Mr. Ward's Motion to Remand is denied.

BY THE COURT:

/s/ Kai N. Scott
**HON. KAI N. SCOTT**
**United States District Court Judge**